J-S43033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN TOMLIN | |
| Appellant | No. 2863 EDA 2014 |

Appeal from the PCRA Order September 3, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0608751-1998

BEFORE:  GANTMAN, P.J., PANELLA, J., and OLSON, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                **FILED AUGUST 19, 2015**

Appellant, Shawn Tomlin, appeals from the order entered in the Philadelphia County Court of Common Pleas, dismissing his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On February 16, 2000, a jury convicted Appellant of third-degree murder and related offenses.  The court sentenced Appellant on April 26, 2000, to an aggregate term of 26 to 52 years' imprisonment.  This Court affirmed the judgment of sentence on October 28, 2002.  ***See Commonwealth v. Tomlin***, 816 A.2d 336 (Pa.Super. 2002).  Appellant timely filed his first PCRA petition on October 28, 2003, which the PCRA court ultimately denied and this Court affirmed.

Appellant filed the current PCRA petition *pro se* on December 10, 2012.  On August 4, 2014, the PCRA court issued Rule 907 notice, and

Appellant responded *pro se* on August 18, 2014. The PCRA court dismissed Appellant's petition as untimely on September 3, 2014. Appellant timely filed on September 24, 2014, a *pro se* notice of appeal. No Rule 1925(b) statement was ordered or filed.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2). Section 9545(b)(1)(ii) requires the petitioner to allege and prove facts unknown to him, which he could not have ascertained by the exercise of due diligence. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii).

Instantly, Appellant's judgment of sentence became final on November 27, 2002, upon expiration of the time to file a petition for allowance of appeal with our Supreme Court. Appellant filed his current petition on

December 10, 2012, more than ten years after the judgment became final; thus, it is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "after discovered facts" exception under Section 9545(b)(1)(ii) by contending a witness had provided Appellant with a statement of the witness' version of the events which led to Appellant's convictions. Nevertheless, Appellant failed to prove how, with the exercise of due diligence, he could not have discovered these facts earlier, when the witness' unsworn statement indicated he had been with Appellant on the night of the crimes. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii). Thus, Section 9545(b)(1)(ii) cannot serve to excuse Appellant's otherwise untimely petition. ***See id.*** Accordingly, the PCRA court properly dismissed Appellant's petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2015